# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**AIDA M. DELFAUS GONZALEZ,**

**PLAINTIFF,**

**v.**

**SPIRIT AIRLINES, INC.,**

**DEFENDANT.**

Civil No. 12-1059 (GAG)

## OPINION AND ORDER

This claim was initially brought by Aida M. Delfaus Gonzalez ("Plaintiff") against Spirit Airlines ("Spirit" or "Defendant") in the Puerto Rico Court of First Instance, San Juan Superior Court, under the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 621 *et seq.*; Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; and Puerto Rico Law 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, §§ 185a *et seq.*[1] On January 28, 2012, the case was removed to the United States District Court for the District of Puerto Rico, in the above captioned case. On August 18, 2012, Plaintiff voluntarily dismissed her claims under ADEA and Law 100. (Docket No. 18). Plaintiff's Law 80 claim remains as a viable claim for severance pay.[2] (Docket Nos. 19 and 21). Plaintiff claims damages, severance allowance, wages earned and unpaid, accrued vacation and her Christmas bonus, accrued and unpaid.

This matter is currently before the court on defendant's motion for summary judgment. (Docket No. 24). Plaintiff timely filed an opposition to said motion. (Docket No. 34). Defendant

---

1 In the original action Plaintiff claimed damages, dual compensation, severance allowance, wages, earned and unpaid; accrued vacation, and the legal and equitable relief to redress sexual harassment in a hostile work environment, age discrimination and the unlawful termination of employment.

2 This case was brought initially under both federal question and diversity jurisdiction.

replied. (Docket No. 48). After reviewing the pleadings and pertinent law, the court **GRANTS** Defendant's motion for summary judgment. (Docket No. 24).

**I.    Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See FED.R.CIV.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1)(B). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations,

**Civil No. 12-1059 (GAG)**  3

improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

## II. Factual and Procedural Background

Spirit alleges that Plaintiff was terminated as a result of her constant violations of established policies and procedures and disregarding duties and responsibilities as a customer service supervisor in a highly regulated industry. (See Docket No.24 at 2.) Defendant sets forth and supports with evidence four incidents in which Plaintiff did not follow Spirit's established procedures and safety regulations, for which she underwent corrective action and ultimately terminated from her job. Plaintiff counterclaims that her termination was unjust because other Spirit employees that engaged in the same policy violations were not terminated. (See Docket No. 34 at 19.)

Plaintiff worked for Spirit from December 2001 to January 2010 as a customer service supervisor. (See Docket No. 24-3 at 9 L. 16 and at 10 L. 11-15.) As a customer service supervisor, Plaintiff was responsible for overseeing daily operations, including: ticketing, reservations, gate functions, checking in and boarding passengers, loading bags and supervising ramp personnel. (See Docket No. 24-3 at 16 L. 4-12 and at 22 L. 7-10.) As part of her job, Plaintiff had to make sure that Spirit's procedures were followed. (See Docket No. 24-3 at 17 L.15-19.) She supervised between six and fifteen Spirit employees. (See Docket No. 24-3 at 18 L. 4-6, 23 and at 19 L. 18-19.) Plaintiff's position required her to exercise discretion and independent judgment. (See Docket No. 24-3 at 24 L. 23-24 and at 25 L.1.)

On November 4, 2008, Plaintiff opened the door at gate 23 and left it unattended, allowing for a Transportation Security Administration ("TSA") inspector to breach and board the aircraft. (See Docket Nos. 24-1 at ¶ 31 and 24-3 at 59 L.19-24 and at 60 L 1-3.) As a result, Plaintiff was suspended for three days on November 23, 2008, and was issued a Disciplinary/Counseling Report containing a final warning for engaging in a serious security violation. (See Docket No. 24-2 at 21.)

**Civil No. 12-1059 (GAG)**　　　　　　　　　4

1　Plaintiff admitted during her deposition that this was a serious incident. (See Docket No. 24-3 at 60
2　L. 4-5.) This security violation and consequent aircraft breach by a TSA inspector led to the
3　imposition of a fine upon Spirit by the TSA. (See Docket Nos. 24-1 at ¶ 33 and 24-2 at ¶ 19.)
4　　　　Violations of Defendant's security and safety regulations and standards are examples of
5　serious infractions contemplated in Spirit's Employee Handbook, which can result in the employee's
6　immediate termination. (See Docket Nos. 24-1 at ¶ 34 and 24-2 at 16-17.) During her deposition,
7　Plaintiff testified that she received a copy of Spirit's Employee Handbook when she started working
8　for the company and that she was familiar with it. (See Docket No. 24-3 at 24 L.10-13 and at 25 L.
9　1-7.) Plaintiff also stated at her deposition that she received operations training manuals and that
10　she received periodical trainings on supervisory skills. (See Docket No. 24-3 at 25 L. 8-12 and at
11　26 L. 4-10.)
12　　　　The second incident took place on July 23, 2009 when Plaintiff decided to close Flight 896,
13　leaving 33 passengers, including families with children, stranded at the Luis Muñoz Marin
14　International Airport in San Juan, Puerto Rico ("LMMIA"). As a result, Defendant had to refund all
15　33 passengers. (See Docket 24-1 at ¶¶ 36-38). Defendant alleges that Plaintiff was supposed to call
16　the Systems Operations Center ("SOC") to request a hold for 33 passengers who were being
17　screened trough the TSA security checkpoint. (See Docket No. 24-1 at ¶ 36). According to
18　Defendant, Plaintiff did not call SOC to request a hold for the 33 passengers, knowing that they
19　would miss the flight. She admitted in her deposition that she failed to contact her immediate
20　supervisor and general manager to discuss potential alternatives beneficial to Spirit passengers. (See
21　Docket No. 24 at 11.) Spirit's general manager considered Plaintiff's unilateral action as a
22　negligent, careless display of poor judgment and communication skills, which are of utmost
23　importance for a customer service supervisor. (See Docket Nos. 24-1 at ¶ 52 and 24-2 at ¶ 31.)
24　　　　Again, Plaintiff was issued a Disciplinary/Counseling Report containing a final warning
25　regarding this incident. (See Docket No. 24-2 at 22). The Report, which was signed by Spirit's
26
27

**Civil No. 12-1059 (GAG)**                5

general manager, describes the circumstances as follows: "TSA line was long, only two lines open to process Co (Continental), B6 (Jet Blue) and NK PAX (Spirit passengers). Decision affected 33 Pax [passengers] on Flight 896."[3]  (See Docket No. 24-2 at 22.)

The last incidents occurred in a two week window, on December 25, 2009, and January 8, 2010, three passengers boarded two flights in which Plaintiff was admittedly the supervisor on duty, without having valid boarding passes. (See Docket No. 24-3 at 83 L. 15-24.) During these incidents, Plaintiff was in charge of overseeing the entire boarding operation, which included the supervision of the gate and agents. (See Docket No. 24-3 at 84 L. 1-3.) Spirit alleges that Plaintiff did not pay attention to detail during the wrongful boarding incidents. In particular, Defendant determined that by failing to manually count and verify the boarding pass stubs collected from passengers to ensure they matched the customer counts in the computer system (SkyPort), and properly investigating the duplicate seating situation by boarding the aircraft, Plaintiff did not follow established procedures which would have prevented the wrongful boarding of passengers on the above-mentioned dates. (See Docket No. 24-2 at ¶ 53).

When Plaintiff was terminated on January 21, 2010, she stated that she did not agree with

---

[3] Plaintiff disagrees with Defendant's description of the incident. According to Plaintiff, the 33 passengers were part of a group left behind because they were not at the gate 15 minutes before boarding; instead they were wandering around the airport and not held back at the TSA security checkpoint. Given the aforementioned situation, Plaintiff allegedly did not believe she needed to call SOC to request a hold. (See Docket 24-2 at 85 and Docket No. 35 ¶ 80.) Furthermore, Plaintiff alleges that "up to that point, her understanding was that if everything was operationally working, including the bag belt, security, TSA, the aircraft; and passengers don't show up out of their own will , then the flight goes". (See Docket 34-1 at 9 L. 10-15.)

**Civil No. 12-1059 (GAG)**                6

being held responsible for the January 8 duplicate boarding incident because she blamed the agents who were working on that flight. (See Docket No. 24-1 at ¶ 92.) Spirit's General Manager in Puerto Rico reminded her that she needed to count the boarding pass stubs manually and make sure that the information was accurate, rather than simply asking the agents if they had verified the duplicate seating. (See docket 24-1 at ¶ 93.) Allegedly, Plaintiff did not board the passengers personally because she "had to go downstairs and check the belly of the aircraft." (See Docket No. 24-3 at 62 L. 20-21.) However, she admitted that she was ultimately responsible for overseeing the boarding of both flights. (See Docket No. 24-3 at 63 L. 7-10.)

**III.   Analysis**

Law 80 is Puerto Rico's Wrongful Dismissal Act. It provides that an employee who is discharged without just cause must receive severance pay from her employer. P.R. Laws Ann. tit.29 § 185a. Under Law 80, the employee bears the initial burden of alleging an unjust dismissal and of proving actual dismissal. Medina v. Adecco, 561 F.Supp.2d 162, 174 (D.P.R.2008). Once the employee meets this burden, the burden of persuasion shifts to the employer to prove that the dismissal was justified. Baltodano v. Merck, Sharp & Dohme (I.A.) Corp., 637 F.3d 38, 42 (1st Cir. 2011). Because defendants bear this burden of persuasion, it can receive summary judgment only when "'the evidence [it] provides on the issue is conclusive.'" Garcia–Ledesma v. Centro, Civ. No. 10-1577 (BJM), 2012 WL 1032466, at *9 (D.P.R. Mar. 27, 2012) (quoting Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir.1998)). If the employer is able to demonstrate that there was "just cause," it will not be liable under Law 80. Otero–Burgos v. Inter Am. Univ., 558 F.3d 1, 7-8 (1st Cir. 2009).

Pursuant to Law 80, a dismissal without just cause is "[one] made by mere whim or fancy of the employer or without cause relative to the normal operation of the establishment." P.R. Laws Ann. tit.29 § 185b. The employee's improper conduct, poor job performance, and violation of the employer's policies are deemed "good cause" for dismissal under the statute. See Miranda Vega v. Cingular Wireless, 568 F. Supp. 2d 180, 192 (D.P.R. 2008). See also, Figueroa Garcia v. Lilly del

Caribe, Inc., 490 F. Supp. 2d 193, 213 (D.P.R. 2007).

In the instant case, it is uncontested that Plaintiff was discharged on January 21, 2010, and alleged unjust dismissal. Thus, the burden of persuasion shifts to Defendant to prove that it had just cause. Defendant points to four incidents in which Plaintiff did not follow Spirit's procedures and regulations, along with corresponding Disciplinary/Counseling Reports and a job suspension, as evidence of Plaintiff's deficient performance. Defendant claims, "[P]laintiff has not presented any evidence to rebut what the uncontested material facts and the evidence before the Court demonstrate: that her substandard performance and disregard of her duties and responsibilities as a Customer Service Supervisor in a highly regulated industry warranted her dismissal and constitute 'good cause' for her dismissal under Law 80." (See Docket No. 48 at 3.) The court agrees.

Plaintiff did not contest the material facts provided by Defendant in its motion for summary judgment. As per Plaintiff's deposition testimony, the sole basis for her unjust dismissal claim is that situations similar to hers have happened and the people who are responsible are still working at Spirit. (See Docket No. 24-3 at 61 L. 10-20.) However, Defendant's general manager declared that since February 2009, she has not had to discipline any Spirit supervisor or employee for incidents similar to Plaintiff's transgressions. (See Docket No. 24-2 ¶ 57.) Moreover, Defendant alleges that on June 3, 2011, an incorrect boarding occurred and Spirit allegedly removed all agents working on that flight from the Spirit account. (See Docket No. 24-1 at ¶ 54.)

The record shows that Plaintiff was aware of her responsibilities as a customer service supervisor. She acknowledged that she was responsible for the normal and proper functioning of Spirit's operations, and she knew Spirit's regulations and operations manuals and that her title required her to make judgment calls in a business that is highly regulated for safety reasons. The record also shows that Plaintiff worked in other airlines and had experience in the business of airline travel. She admitted in her deposition to being responsible for the aforementioned security violations. Defendant has proven that Plaintiff's dismissal was justified because she incurred in serious safety and security violations, which had serious consequences for Spirit and its customers.

**Civil No. 12-1059 (GAG)**                                    8

Thus, the court finds that the reasons set forth by Defendant for Plaintiff's dismissal constitute just cause under Law 80 and that no genuine issues of material fact exist as to this. Therefore, the court **GRANTS** Spirit's motion for summary judgment. (Docket No. 24).

**A. Unpaid Vacation Leave Claim**

Defendant alleges that Plaintiff's accrued vacation leave claim should be dismissed with prejudice because it was not included as a cause of action in the complaint. (See Docket No. 24 at 18.) Moreover, Defendant asserts that even if Plaintiff had included such a claim in the Complaint, she is not entitled to the unpaid vacation leave accrued because she was not able to prove that she meets the requirements of the Puerto Rico Minimum Wage, Vacations and Sick Leave Act, Law 180 of July 27, 1998, P.R. Laws Ann. tit. 29 §§ 250 *et seq.* ("Law 180").

Under Law 180, employees accrue vacation leave at a rate of one and one quarter (1 ¼) days each month, provided they have worked at least 115 hours a month. P.R. Laws Ann. tit. 29 § 250d(a). However, the provisions of Law 180 do not apply to exempt "employees" working as an "administrator", "executive", or "professional." P.R Laws Ann. tit. 29 § 250(b). According to Article 8(b) of Law 180, an "administrator" is any employee who: (1) earns a salary or compensation that is not less than $455.00 per week; (2) has as his/her primary duty the performance of office or non-manual work directly related to management policies or general business operation of the employer; and (3) such primary duty includes work requiring the exercise of discretion and independent judgment.

In the instant case, it is uncontested that Plaintiff earned more than $455.00 per week. (See Docket No. 1-2 at ¶ 25.) Moreover, Plaintiff admitted under oath that as a customer service supervisor at Spirit, her duties were related to the management or general business operations of Spirit and, as part of her everyday duties and responsibilities, she had to exercise discretion and independent judgment. It is further uncontested that Plaintiff generally supervised between six and fifteen employees**.** Thus, it is undisputed that Plaintiff was an "administrator" for purposes of Law 180 and, therefore, excluded from its coverage. Accordingly, Plaintiff does not have a valid claim under Law 180 and her request for unpaid accrued vacation is hereby **DISMISSED** with prejudice.

B.  **Christmas Bonus Claim**

Defendant alleges that Plaintiff did not assert a cause of action in the complaint pursuant to Law No. 148 of June 30, 1969, as amended, P.R. Laws Ann. tit. 29, § 501("Law 148"). (See Docket No. 24 at 20.)  Defendant declares that Plaintiff has failed to put forth sufficient evidence to establish an entitlement to the statutory Christmas Bonus because she did not show, or even allege, that she worked at least 700 hours within the specified period of time. (See Docket No. 24 at 20.)

Article 1 of Law 148 provides, in relevant part, that:

> Any employer who employs one or more workers or employees within the period of twelve (12) months comprised from the first of October of any calendar year until September 30 of the subsequent calendar year shall be bound to grant to each one of said employees **who have worked seven hundred (700) hours or more**…within the period set forth…a bonus equivalent to…6% of the total wages, computed up to a maximum of ten thousand dollars ($10,000)…earned by the employee or worker within said lapse of time….It being provided that any employer who employs fifteen (15) employees or less will grant a bonus equivalent to…3% of the total wages computed up to a maximum of ten thousand dollars ($10,000). P.R. Laws Ann. t. 29, § 501. [Emphasis added].

In the instant case, Plaintiff has provided absolutely no evidence to demonstrate that, from October 1, 2009 to the time of her discharge on January 21, 2010, she worked at least 700 hours, a prerequisite for entitlement to the statutory Christmas Bonus. Accordingly, given Plaintiff's lack of evidence to support her claim, Plaintiff's request for the statutory Christmas Bonus is hereby **DISMISSED** with prejudice.

**IV.   Conclusion**

For the foregoing reasons, the court **GRANTS** Defendant's motion for summary judgment. (Docket No. 24). Plaintiff's claims under local Laws 80, 180 and 148 are **DISMISSED** with prejudice.

**Civil No. 12-1059 (GAG)**                     10

**SO ORDERED**

In San Juan, Puerto Rico this 4th day of February, 2013.


*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge